UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LISETTE D. MUNTSLAG,                              12-cv-07038 (TPG)

                Plaintiff,                      OPINION

v.

D'IETEREN, S.A., and ROLAND D'IETEREN,

                Defendants.
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-17-13
```

    *Pro se* plaintiff, Lissette Muntslag, brings this action against defendants, D'Ieteren SA and Roland D'Ieteren, invoking subject matter jurisdiction under the Alien Tort Claims Act, 28 U.S.C § 1350 ("the ATS").

    Defendants move to dismiss the complaint, arguing that the court lacks jurisdiction over this action, that plaintiff's claim is not properly brought under the ATS, and that plaintiff has failed to allege any facts constituting any claim against defendant Roland D'Ieteren.

    Defendants' motion to dismiss is granted.

## DISCUSSION

    Plaintiff is a Dutch national now living in New York. Defendant D'Ieteren S.A. ("D'Ieteren") is a Belgian distributor of Group Volkswagen manufactured cars, including those under the Audi brand. Defendant Roland D'Ieteren ("Roland") is the chairman of D'Ieteren S.A.

In March of 2011, plaintiff's daughter, Nathalie Muntslag, through her corporation, "Exciting in Concepts," ordered a customized 2011 Audi A5 through a Belgian dealership, Beerens. Beerens placed the order through D'Ieteren. The car's details were tailored to Nathalie's preferences – in particular, the Audi was to have a unique, "Baby Pink" interior. Plaintiff does not indicate where delivery was to take place.

Later that year, Nathalie, upon receiving notification that her car would be ready for delivery in September 2011, attempted to cancel the order to obtain a 2012 Audi A5 model instead. Beerens, consequently, asked D'Ieteren to inquire into whether it would be possible to withdraw the 2011 model order. D'Ieteren advised Beerens that cancellation would not be possible because the 2011 model was already in production. Beerens told Nathalie that she had to take delivery of the car. She refused to do so.

As a result of these events, plaintiff, Nathalie's mother, published a website on the internet with the domain name: *www.dieterensucks.com*. She did this, apparently, to convey her and her daughter's grievances with Volkswagen, Beerens, and D'Ieteren. Counsel for defendants requested plaintiff to cease the criticism on the *dieterensucks* website, which was widely available to the public. Plaintiff refused. D'Ieteren therefore brought a trademark infringement action against plaintiff in Brussels, which ultimately resulted in a favorable judgment for the D'Ieteren. D'Ieteren filed a similar action with the World Intellectual Property Organization as well.

2

As a consequence of these legal actions abroad, plaintiff claims that a conspiracy exists among defendants and Beerens, their Belgian counsel, and the judges who have ruled against plaintiff or her daughter. She alleges that the conspiracy violates her freedom of speech and freedom of thought in violation of article 19 of the International Declaration of Human Rights and under the First Amendment of the United States Constitution. She further contends that she does not have the funds to hire an attorney for purposes of litigating her cases abroad and that the defendant's actions will bring her and her daughter to financial ruin. Moreover, she claims that her own well-being is being put at risk by the defendants because she is reliving the "tortuous experience" that she suffered at the hands of the people of Amsterdam when she was forced to flee the country years ago. She also alleges that the ordeal is exacerbating her post-traumatic stress disorder and the related conditions, including headaches and flashbacks.

Plaintiff demands $85,000 in punitive and other damages for intentional and negligent infliction of emotional distress and pain and suffering, which allegedly resulted from the legal proceedings in Europe.

The threshold inquiry in this matter is whether the court has subject matter jurisdiction over this action.

Fed. R. Civ. P. 12(b)(1) permits a federal court to dismiss an action for lack of subject matter jurisdiction. On its face, the ATS grants federal district courts subject matter jurisdiction over claims "by an alien for a tort only committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.27.

Plaintiff's sole basis for subject matter jurisdiction in this case rests upon that which is claimed to be conferred by the ATS. The Supreme Court recently ruled on the scope of the ATS's application. The court held that the ATS does not provide the federal courts of the United States with subject matter jurisdiction over torts that occur outside of the United States. Kiobel v. Royal Dutch Petroleum Co., 133 S. Ct. 1659, 1669 (2013). It is therefore not necessary to address the questionable proposition that the conduct Muntslag alleges violated "the law of nations or a treaty of the United States" or determine whether this conduct might be shielded from judicial inquiry by the Act of State Doctrine. See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401 (1964)(The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory). The conduct Muntslag alleges clearly occurred overseas and it is therefore not covered by the ATS.

Defendants' motion to dismiss is therefore granted.

SO ORDERED.

Dated: New York, New York
      May 17, 2013

                                                           */s/ Thomas P. Griesa*
                                                          Thomas P. Griesa, U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-17-13
```